UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON HOLLADY and
DURAND CLINIC, P.C.,

        Petitioners,

                              CASE NO. 07-15300

v.

                              PAUL D. BORMAN

PEOPLE OF THE STATE OF MICHIGAN,    UNITED STATES DISTRICT JUDGE

        Respondent.
                                   /

**ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION**

**I. Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254. In a habeas petition filed on December 12, 2007, Petitioner challenged his state conviction for health care fraud and his sentence, which required the payment of $317,461 in restitution. On January 7, 2008, the Court summarily dismissed the petition because Petitioner was no longer in custody for his conviction, which became final in December of 2004, and because the one-year statute of limitations had expired. Petitioner appealed the Court's opinion and order, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for want of prosecution.

Meanwhile, Petitioner asked this Court for permission to file a reply to the Court's opinion and order dismissing his habeas petition. He sought to demonstrate that equitable tolling applied to the one-year limitations period. On February 6, 2008, the Court denied Petitioner's request because the custody issue was dispositive of the case even if the Court erred in summarily dismissing Petitioner's case on the basis of the statute of limitations.

Currently pending before the Court is Petitioner's request for reconsideration of the order dated February 6, 2008, which denied Petitioner's request to file a reply to the order of dismissal. Petitioner continues to maintain that equitable tolling applies. He asserts that he has been diligent in pursuing his claims, that the statute of limitations is not jurisdictional, and that he was incarcerated in Minnesota during the limitations period and lacked access to materials on Michigan law.

## II. Discussion

This Court's Local Rules provide in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp.2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). Petitioner is not entitled to reconsideration because he is asserting issues that the Court has already adjudicated. He also has failed to demonstrate that the Court was misled by a palpable defect. As the Court explained in the previous order, even if it erred in dismissing the habeas petition as time-barred, Petitioner was not in custody for the conviction under attack when he filed his habeas petition. He asserts that he filed numerous pleadings while he was in custody during 2004 and 2005. However, the critical time frame is the point in time when the petitioner filed his or her habeas petition. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) (explaining that a habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). As Petitioner was not in custody on December 12, 2007,

when he filed his habeas petition, the Court lacks jurisdiction to consider his substantive claims.

Accordingly, Petitioner's request for reconsideration [Doc. 8, Feb. 19, 2008] is DENIED.

                    s/Paul D. Borman  
                    PAUL D. BORMAN  
                    UNITED STATES DISTRICT JUDGE

Dated: April 7, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 7, 2008.

                    s/Denise Goodine  
                    Case Manager